IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSEPH PHILLIPS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:20-CV-1104-RP |
| | § | |
| WEATHERFORD US, LP, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Before the Court is Defendant Weatherford US, LP's ("Weatherford") Motion to Dismiss, or in the Alternative to Stay, and Compel Arbitration, (Dkt. 6), along with the parties' responsive filings, (Dkts. 8, 9). Having considered the parties' briefs, the evidence, and the relevant law, the Court finds that the motion to compel should be denied.

**I. BACKGROUND**

Plaintiff Joseph Phillips ("Phillips") brings claims for age discrimination and retaliation based on his 2019 termination from his employment for Weatherford. (Compl., Dkt. 1). Weatherford alleges that the parties entered into an arbitration agreement, pursuant to which Phillips agreed to arbitrate all matters arising out of his employment, when Weatherford issued notice to all its employees that it was implementing a Dispute Resolution Program ("DRP") on November 14, 2016. (Mot., Dkt. 6, at 1–2). The notice stated that the "DRP is a condition of your employment, and by continuing (or accepting) employment after January 1, 2017, you are in agreement to be bound by the DRP." (*Id.* at 2) (citing DRP Notification Letter, Dkt. 6-2, at 3). Weatherford alleges that this notice letter and a brochure summarizing the DRP (together, the "DRP Mail Out"), were mailed to Phillips' home address. *Id.* Weatherford now seeks to enforce the arbitration requirement.

1

(Mot., Dkt. 6). Phillips alleges that he never received notice of the arbitration agreement in the DRP Mail Out. (Resp., Dkt. 8, at 1).

Weatherford provides a declaration from David Morris ("Morris"), associate general counsel for Weatherford, stating that the DRP Mail Out and a spreadsheet with 7,328 entries including Phillips' home address were provided to Ricoh Managed Services ("Ricoh"), who Weatherford contracts with to operate its mailing services in the ordinary course of its business. (Morris Decl., Dkt. 8-1). Morris also states that he received the DRP Mail Out at his home address. (*Id.*) Morris also states in his declaration that, based on Weatherford's records, the DRP Mail Out to Phillips was not returned as undeliverable. (*Id.* at 4).

Weatherford also provides a declaration from Gerald Lewis ("Lewis"), a site manager for Ricoh, which states that Ricoh has records of a bulk-mailing on November 14, 2016 after receiving an address list from Weatherford, and does not have a record of a returned package for Philips. (Lewis Decl., Dkt. 6-3). Lewis' declaration describes Ricoh's bulk mailing process, including receiving a spreadsheet of names and addresses, and spot-checking envelopes to ensure they have been properly printed and metered. (*Id.* at 2). Lewis states that the "cover email containing the address list" from Weatherford states there were 7,837 addresses, but he has "verified that the spreadsheet list only contains 7,328 entries." (*Id.*).

Phillips provides a declaration in which he denies having received the DRP Mail Out or being aware of the DRP prior to this lawsuit. (Phillips Decl., Dkt. 8-1). Phillips states it was in his "ordinary practice to keep all correspondence received from Weatherford related to [his] employment," but he has no record of receiving the DRP Mail Out in his files. (*Id.* at 2). Phillips also provides a declaration from another former Weatherford employee, Drew White ("White"), that states White never received the DRP Mail Out and that it was also his ordinary practice to keep all correspondence from Weatherford. (White Decl., Dkt. 8-2).

## II. DISCUSSION

The Federal Arbitration Act permits a party to file a motion to compel arbitration based on "the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration." 9 U.S.C. § 4. "Enforcement of an arbitration agreement involves two analytical steps. The first is contract formation—whether the parties entered into any arbitration agreement at all. The second involves contract interpretation to determine whether this claim is covered by the arbitration agreement." *Kubala v. Supreme Prod. Services, Inc.*, 830 F.3d 199, 201 (5th Cir. 2016). When considering whether a valid arbitration agreement exists between the parties, the court generally applies "ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). "[T]o prove a modification of an at will employment contract, the party asserting the modification must prove two things: (1) notice of the change; and, (2) acceptance of the change." *Hathaway v. Gen. Mills, Inc.*, 711 S.W.2d 227, 229 (Tex. 1986). "To prove notice, an employer asserting a modification must prove that he unequivocally notified the employee of definite changes in employment terms." *Id.*

Phillips bears the "initial" burden of production in order to create a fact issue on the validity of the arbitration agreement. *Trammell v. AccentCare, Inc.*, 776 F. App'x 208, 210 (5th Cir. 2019). Weatherford, as the party seeking arbitration, carries the burden of establishing the existence of an agreement to arbitrate and a modification of Phillips' employment terms. *See, e.g.*, *In re Big 8 Food Stores, Ltd.*, 166 S.W.3d 869, 877 (Tex. App. 2005, no pet.); *Trammell v. AccentCare, Inc.*, 776 F. App'x 208, 210 (5th Cir. 2019).

Phillips asserts that he was never provided with notice of the DRP. "Direct testimony that a letter was properly addressed, stamped, and mailed to the addressee raise[s] a presumption that the letter was received by the addressee in due course." *Texaco, Inc. v. Phan*, 137 S.W.3d 763, 767 (Tex. App. 2004). "The matters of proper addressing, stamping, and mailing may be proved by

3

circumstantial evidence, such as the customary mailing routine of the sender's business." *Id.* "Although a denial of receipt may be sufficient to rebut the presumption of receipt, the denial is not conclusive and merely presents a fact issue for the factfinder." *Id.* "The presumption of receipt is overcome conclusively only when the evidence tending to support the contrary inference is conclusive, or so clear, positive, and disinterested that it would be unreasonable not to give effect to it as conclusive." *Id.*

In this case, Weatherford's evidence, the declarations from Morris and Lewis about mailing procedures in the ordinary course of business and stating that Phillips' address was included in the list for mailing the DRP Mail Out, raises a presumption that the DRP Mail Out was mailed to Phillips' home. *See Texaco, Inc. v. Phan*, 137 S.W.3d 763, 767 (Tex. App. 2004) ("Although there was no direct evidence of actual mailing, the clerk's description of the customary mailing procedures relating to the mailing of notices allowed the presumption of receipt in due course to arise."); *cf. Tucker v. Conn Appliances, Inc.*, No. 4:09-CV-3630, 2010 WL 2710693, at *4 (S.D. Tex. July 6, 2010) (finding lack of evidence that a letter was sent where the defendant did not "offer a shred of evidence specific to [plaintiff]. Instead, it aver[ed] generally that 'all employees' received relevant materials").

Although this presumption of notice can be rebutted by denial of receipt, under Fifth Circuit case law it is unclear what "precise amount of evidence [is] required to rebut the mailbox rule's presumption of receipt, and hence, notice for the purpose of establishing an agreement to arbitrate." *Trammell*, 776 F. App'x at 210–11. However, *Trammell* explains that it is insufficient to provide only an unsubstantiated declaration that "simply den[ies] receipt" or "'does not allege or explain any potential deficiency' in the mailing process." *Id.* In *Trammell*, the Fifth Circuit held that the plaintiff had rebutted the presumption of notice where she attested "that there was some irregularity in the mailing process," alleging not only that she had denied receiving notice but also that she had

4

indicated to her employer that she was "experiencing difficulties in receiving and sending mail." (*Id.* at 208, 211).

Although Phillips' declaration denying that he did not receive notice would be insufficient to raise a fact issue on its own under *Trammell*, Phillips provides a second declaration from White, who is not a party to this case and also denies that he received notice. (Dkt. 8-2). White's declaration supports Phillips' assertion that he never received notice. *See Custer v. Murphy Oil USA, Inc.*, 503 F.3d 415, 421 (5th Cir. 2007) ("[T]he plaintiffs' assertion of non-receipt is supported by the other [employees] testimony that they also could not recall receiving the notice, and that they regularly retain such notices but could not locate the notice in their records."). Weatherford provides only one employee who states he received notice, Morris, its general counsel. (Dkt. 8-1).

Additionally, Phillips has alleged that there was an irregularity in the mailing process by arguing that Weatherford's evidence indicates there "were discrepancies in the number of packets mailed out." (Pl.'s Resp., Dkt. 8, at 8 n.2); (*see* Morris Decl., Dkt. 8-1) (stating that Phillips' address was included in a spreadsheet sent to Ricoh with 7,328 entries); (Lewis Decl., Dkt. 6-3) (declaring that the cover email for the spreadsheet from Weatherford "states there were 7,837 addresses" but Lewis verified the spreadsheet included only 7,328 entries). This evidence of a discrepancy in how many addresses were sent to Ricoh, along with the declarations from Phillips and White, is sufficient for Phillips to allege that there was some irregularity in the mailing process and to raise a factual issue as to whether Phillips was provided notice of the DRP.

Thus, the Court finds that Weatherford has failed to present sufficient evidence to establish that Phillips was provided adequate notice of the DRP so that his continued employment could properly be viewed as acceptance of those terms.

### III. CONCLUSION

The parties dispute whether or not Phillips was provided notice of the DRP, resulting in a genuine fact issue regarding the validity of the arbitration agreement between the parties. Such fact issue precludes this Court from determining as a matter of law whether the arbitration requirement in the DRP is valid and enforceable. Accordingly, Weatherford's Motion to Dismiss, or in the Alternative to Stay, and Compel Arbitration, (Dkt. 6), is **DENIED**.

As noted above, the FAA governs this matter. In pertinent part, the FAA provides "[i]f the making of the arbitration agreement . . . be in issue, the court shall proceed summarily to the trial thereof." 9 U.S.C. § 4. The FAA further provides that the parties have a right to a trial by jury of the issue. *Id.*; *Trammell v. AccentCare, Inc.*, 776 F. App'x 208 (5th Cir. 2019).

Accordingly, the Court hereby sets and directs the parties, or counsel acting on their behalf, to appear by phone for a status conference at 10:00 a.m. on Wednesday, May 5, 2021 by dialing in to 888-363-4735, and using the access code 3948919. Counsel should be prepared to discuss the appropriate schedule and means for resolving the issue of arbitration at the conference

  **SIGNED** on April 27, 2021.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE