UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **JOSEPH PHILLIPS,**<br>           **Plaintiff**<br><br>v.<br><br>**WEATHERFORD US, LP,**<br>           **Defendant** | Civil Action No. 1:20-cv-1104<br><br>Jury Demanded |

## JOINT PRE-TRIAL SUBMISSION

Plaintiff, Joe Phillips, and Defendant, Weatherford US, LP, hereby submit this Joint Submission in advance of the bench trial concerning notice of the arbitration agreement set for September 17, 2021.

### INFORMATION REQUESTED PER L.R. 16(F)

1. **Juror questions:**   Not applicable.

2. **Statement of claims or defenses for voir dire:**   Not applicable.

3. **Stipulated facts:**

   (1) Plaintiff Joe Phillips brings claims of age discrimination and retaliation based on his 2019 termination from his employment with Weatherford.

   (2) Weatherford implemented a procedure to send notice via United States first class mail to all its employees that it was implementing a Dispute Resolution Program ("DRP") on November 14, 2016 to each Weatherford employee's home address of record.

   (3) The notice stated that the DRP "**will govern all legal disputes between Weatherford and employees of any Weatherford company in the United States…The DRP is a condition of your employment and by continuing (or accepting) employment after January 1, 2017, you are in agreement to be bound by the DRP.**"

    (4)    Weatherford submitted the DRP Mail Out packets, with the DRP notification letter, DRP plan and rules, and a brochure on the DRP, to the Weatherford Mail Center, operated by Ricoh Managed Services, with a spreadsheet of 7,328 employee home addresses, including Plaintiff's, for a mass mail out via United States first class mail.

    (5)    Ricoh received the DRP Mail Out packets with the spreadsheet mailing list of 7,328 addresses.

    (6)    Ricoh performed a bulk mailing on November 14, 2016, of the DRP Mail Out packets and followed its spot-checking procedures for ensuring properly printed, stuffed, metered and mailed items.

    (7)    Weatherford's associate general counsel, David Morris, received the DRP Mail Out packet at his home address.

    (8)    Plaintiff's DRP Mail Out packet was not returned to Weatherford as undeliverable.

    (9)    Plaintiff denies receiving the DRP Mail Out packet at his home address.

    (10)    Drew White, who was employed by Weatherford in 2016, denies receiving the DRP Mail Out packet at his home address.

**4.**     **Exhibits:**

    **a.**     **Defendant will introduce the following exhibits**

| | |
|---|---|
| D-1. | October 12, 2016 Transfer Letter |
| D-2. | August 10, 2020 Right to Sue Letter |
| D-3. | October 24, 2016 Email re DRP – Update with attachments |
| D-4. | November 4, 2016 Hargrove Email to Dawkins and Lewis re Excel mail list with attachment |
| D-5. | Weatherford's Dispute Resolution Plan and Rules |
| D-6. | November 14, 2016 Notice of the DRP |
| D-7. | DRP Brochure |
| D-8. | November 21, 2016 Email re DRP MGR PPT and PDF with attachments |
| D-9. | November 30, 2016 Email |
| D-10. | December 6, 2016 Kelly Email to Graves re DRP – Number of US Employees with attachment |
| D-11. | December 7, 2016 Email re US managers trained |
| D-12. | December 21, 2016 Email re Introducing the Dispute Resolution Program with video links |

b.   **Defendant may introduce the following exhibits**

| D-13. | November 8, 2016 Payment Request for DRP First Run |
| D-14. | November 8, 2016 Payment Request for DRP Second Run |
| D-15. | October 24, 2016 Lawrence Email re Quote Needed |
| D-16. | November 14, 2016 Email re DRP Introduction to Managers |
| D-17. | November 17, 2016 Email re DRP Mailing |
| D-18. | November 30, 2016 Email re DRP Mailing 2 |
| D-19. | December 8, 2016 Email re DRP – Number of US Employees with attachment |
| D-20. | November 8, 2016 Email re DRP Letter |
| D-21. | November 9, 2016 Email re All US M1 and Above with attachment |

5.   **Witnesses:**

   a.   **Plaintiff will call:**

      (1)   Joe Phillips

      (2)   Drew White

   b.   **Defendant will call:**

      (1)   Dean L. Graves
            13615 Oak Harbor Bend
            Cypress, Texas  77429
            Deanl.graves@gmail.com
            (713) 409-9997

      (2)   Gerald Lewis
            Site Manager II
            Ricoh Managed Services
            Weatherford International
            2000 St. James Place
            Houston, TX  77056
            (713) 836-7200

   c.   **Defendant may call:**

      (1)   Kelly Lawrence
            Corporate Communications Manager

                Weatherford
                2000 St. James Place
                Houston, TX  77056
                (713) 836-7991

6. **Witnesses by deposition:** Not applicable

7. **Proposed jury instructions and verdict forms:** Not applicable

8. **Proposed findings of fact and conclusions of law:**

    a.    **Plaintiff's proposed findings of fact**

(1) Plaintiff worked for Weatherford or its predecessor companies from January 1991 to June 5, 2019.

(2) Weatherford operates facilities in many states, serving industries inside and outside of several states, and utilizing interstate mail and travel systems.

(3) Ricoh Managed Services operates Weatherford's mail room and implements and follows usual and customary practices to effect accurate and complete mass mail outs through the United States Postal Service, including:

    (a)    The Mail Center receives from Weatherford personnel the document or file to be mailed and a spreadsheet identifying the addressees and addresses.

    (b)    The Mail Center prints the document for the number associated with the mailing list.

    (c)    The Mail Center generates addressed envelopes from the mailing list with Mail Merge software through the Mail Center's printers.

    (d)    The Mail Center conducts a spot check inspection to verify that the envelopes bear the correct addresses and conducts a final count to ensure all envelopes have been printed.

    (e)    The Mail Center then stuffs the addressed envelopes with the printed document file.

    (f)    The Mail Center runs the stuffed, addressed envelopes through the mail meter which stamps the envelopes with the appropriate postage.

    (g)    The Mail Center conducts another spot check inspection to ensure the envelopes are properly metered.

    (h)    The Mail Center then loads the metered envelopes into boxes which the staff then provides to the United States post office driver who makes daily pickups at the headquarters location.

(4) In November of 2016, Weatherford implemented a comprehensive Dispute Resolution Program ("DRP"), effective January 1, 2017, which provides Weatherford employees with a mandatory system for settling workplace conflicts with Weatherford and/or its affiliates and subsidiaries.

(5) The DRP constitutes the exclusive means for employees to resolve workplace disputes. Under the DRP, all disputes arising out of an employee's employment with Weatherford must be resolved through arbitration under the DRP instead of through trial before a court.

(6) On November 14, 2016, Weatherford implemented a procedure to send notice via United States first class mail to all its employees that it was implementing the DRP to each Weatherford employee's home address of record.

(7) Weatherford personnel submitted the notification letter, DRP, and brochure to Weatherford's Mail Center with the spreadsheet mailing list containing U.S. based employees' home addresses of 7,328 employees, including Plaintiff's, for a mass mail out via United States first class mail. The cover letter from Weatherford to Ricoh containing the spreadsheet stated that there were 7,827 addresses.

(8) Plaintiff's home address in November 2016 was 4008 Austins Landing, Bryan, Texas 77808.

(9) Plaintiff's 4008 Austins Landing, Bryan, Texas 77808 address is on the DRP spreadsheet submitted to the Mail Center.

(10) The Mail Center's records purport to show that it printed, stuffed, addressed, stamped, and mailed the DRP Mail Out packets to the addresses on the DRP mailing list in a manner consistent with the customary mailing practices used by Weatherford's Mail Center (the "DRP Mail Out").

(11) The DRP Mail Out included envelopes containing the notice with the notification letter, brochure, and full DRP addressed to certain employee's home addresses on the mailing list.

(12) Paid postage was affixed to the envelopes that wer part of the DRP Mail Out, and the envelopes were submitted to the U.S. Postal Service for delivery.

(13) There is no specific evidence that a DRP Mail Out packet was addressed to and mailed to Plaintiff's home address at 4008 Austins Landing, Bryan, Texas 77808, with postage paid and affixed, and was submitted to the U.S. Postal Service for delivery.

(14) There is no specific evidence that a DRP Mail Out packet was addressed to and mailed to another Weatherford employee, Drew White, who was a Weatherford employee during the DRP Mail Out.

5

(15) Per usual and customary practice, any undeliverable, returned mail is returned by the Mail Center to the sender. In this case, the Law Department monitored and maintained any returned DRP Mail Outs. For those that were returned, the Law Department's records indicate that the Law Department and/or Human Resources verified correct addresses and either re-mailed the packets or arranged to have the packets delivered by hand.

(16) The DRP Mail Out did not include tracking numbers for the DRP Mail Out packets and there is no way to verify whether an addressee of the DRP Mail Out was, in fact, mailed a packet and whether such packet was, in fact, delivered to such addressee.

(17) Weatherford did not receive a return of the DRP Mail Out to Plaintiff as undeliverable.

(18) Plaintiff maintains records of his correspondence with Weatherford. He has no record of ever receiving the DRP Mail Out packet.

(19) Drew White maintains records of his correspondence with Weatherford. He has no record of ever receiving the DRP Mail Out packet.

(20) Other Weatherford employees on the DRP mailing list received their DRP Mail Out packets at their home addresses.

(21) Weatherford provided no specific evidence explaining the discrepancy between the cover letter's number of addresses and actual number of addresses on the DRP Mail Out spreadsheet.

**b.    Plaintiff's proposed conclusions of law.**

(1)    Weatherford is engaged in interstate commerce.

(2)    Weatherford's DRP is and was in writing.

(3)    Weatherford's DRP was an offer to modify at-will employment between Weatherford and Plaintiff, which was a relationship or transaction involving interstate commerce.

(4)    Where an employer seeks to prove modification of an at-will employment agreement, the employer is required to demonstate (1) notice of the modification and (2) acceptance of the change. *Hathaway v. Gen. Mills, Inc.*, 711 S.W.2d 227, 229 (Tex. 1986). Here, Weatherford has the burden of proving that it unequivocally notified Plaintiff of the DRP. *Id.*

(5)    Weatherford's evidence of customary mailing and its general DPR Mail Out created a presumption, through circumstantial evidence, that the DRP was mailed to and received by Plaintiff.

(6) However, based on the Court's factual findings that: (1) Plaintiff and Drew White, a non-party (*see Custer v. Murphy Oil USA, Inc.*, 503 F.3d 415, 421 (5th Cir. 2007) (holding evidence other employees did not receive notice is evidence to rebut presumption of receipt by plaintiff)), did not receive the DRP packets despite being intended recipients of the DRP; (2) that numerical discrepancies existed within Weatherford's own records as to the number of addresses the DRP packets were sent to (*see Trammell v. AccentCare, Inc.*, 776 F. App'x 208, 210 (5th Cir. 2019)); and (3) that Weatheford has no other specific and direct evidence demonstrating that Plaintiff received the DRP packets (such as a tracking number from the U.S. Postal Service) (*see Tucker v. Conn Appliances, Inc.,* No. 4:09-CV-3630, 2010 WL 2710693, at *4 (S.D. Tex. July 6, 2010)) (holding employer failed to carry burden where no evidence specific to plaintiff)) the Court concludes that, as a matter of law, Plaintiff has successfully rebutted the circumstantially evidenced presumption and that Weatheford has failed to satisfy its burden of proving that it unequivocally notified Plaintiff of the DRP.

c. **Defendant's proposed findings of fact**

(1) Plaintiff worked for Weatherford or its predecessor companies from January 1991 to June 5, 2019.

(2) Weatherford operates facilities in many states, serving industries inside and outside of several states, and utilizing interstate mail and travel systems.

(3) Ricoh Managed Services operates Weatherford's mail room and implements and follows usual and customary practices to effect accurate and complete mass mail outs through the United States Postal Service, including:

    (i) The Mail Center receives from Weatherford personnel the document or file to be mailed and a spreadsheet identifying the addressees and addresses.

    (j) The Mail Center prints the document for the number associated with the mailing list.

    (k) The Mail Center generates addressed envelopes from the mailing list with Mail Merge software through the Mail Center's printers.

    (l) The Mail Center conducts a spot check inspection to verify that the envelopes bear the correct addresses and conducts a final count to ensure all envelopes have been printed.

    (m) The Mail Center then stuffs the addressed envelopes with the printed document file.

    (n) The Mail Center runs the stuffed, addressed envelopes through the mail meter which stamps the envelopes with the appropriate postage.

        (o)      The Mail Center conducts another spot check inspection to ensure the envelopes are properly metered.

        (p)      The Mail Center then loads the metered envelopes into boxes which the staff then provides to the United States post office driver who makes daily pickups at the headquarters location.

(4)      In November of 2016, Weatherford implemented a comprehensive Dispute Resolution Program ("DRP"), effective January 1, 2017, which provides Weatherford employees with a mandatory system for settling workplace conflicts with Weatherford and/or its affiliates and subsidiaries.

(5)      The DRP constitutes the exclusive means for employees to resolve workplace disputes. Under the DRP, all disputes arising out of an employee's employment with Weatherford must be resolved through arbitration under the DRP instead of through trial before a court.

(6)      On November 14, 2016, Weatherford issued a notice to employees that the DRP "**will govern all legal disputes between Weatherford and employees of any Weatherford company in the United States…The DRP is a condition of your employment and by continuing (or accepting) employment after January 1, 2017, you are in agreement to be bound by the DRP.**" Enclosed with the November 14, 2016 notification letter was a twelve-page brochure summarizing the DRP and a full copy of the written DRP Plan and Rules.

(7)      Weatherford personnel submitted the notification letter, DRP, and brochure to Weatherford's Mail Center with the spreadsheet mailing list containing U.S. based employees' home addresses.

(8)      Plaintiff's home address in November 2016 was 4008 Austins Landing, Bryan, Texas 77808. Plaintiff had received mail from Weatherford at this address both before and after November 2016.

(9)      Plaintiff's 4008 Austins Landing, Bryan, Texas 77808 address is on the DRP mailing list submitted to the Mail Center.

(10)     The Mail Center printed, stuffed, addressed, stamped, and mailed the DRP Mail Out packets to the addresses on the DRP mailing list in a manner consistent with the customary mailing practices used by Weatherford's Mail Center.

(11)     Envelopes containing the notice with the notification letter, brochure, and full DRP (the "DRP Mail Out") were addressed with the employee home addresses on the mailing list.

(12)     Paid postage was affixed to the envelopes, and the envelopes were submitted to the U.S. Postal Service for delivery.

8

(13)    A DRP Mail Out packet was addressed to Plaintiff's home address at 4008 Austins Landing, Bryan, Texas 77808, with postage paid and affixed, and was submitted to the U.S. Postal Service for delivery.

(14)    Per usual and customary practice, any undeliverable, returned mail is returned by the Mail Center to the sender.  In this case, the Law Department monitored and maintained any returned DRP Mail Outs.  For those that were returned, the Law Department's records indicate that the Law Department and/or Human Resources verified correct addresses and either re-mailed the packets or arranged to have the packets delivered by hand.

(15)    Weatherford did not receive a return of the DRP Mail Out to Plaintiff as undeliverable.

(16)    Weatherford's Legal Department and Ombudsman conducted trainings introducing the DRP to all U.S. based managers and noting that the DRP applied to all U.S. based employees except those covered by a collective bargaining agreement.

(17)    Plaintiff was issued and used a Weatherford email address.

(18)    On December 21, 2016, Weatherford emailed all U.S. employees at their Weatherford email addresses a video and recording introducing the DRP and noting that the DRP applied to all U.S. based employees except those covered by a collective bargaining agreement.

(19)    Plaintiff received notice of the DRP through the DRP Mail Out and otherwise.

(20)    Other Weatherford employees on the DRP mailing list received their DRP Mail Out packets at their home addresses.

(21)    Plaintiff continued his employment with Weatherford following his receipt of notice of the DRP.

(22)    The DRP broadly covers all claims between Weatherford and employees concerning the employment relationship and separation therefrom, and specifically any claims alleging discrimination and/or retaliation.  Plaintiff's allegations in this matter all arise out of or are related to Weatherford's alleged discrimination and retaliation in the termination of his employment.

**d.    Defendant's proposed conclusions of law:**

(1)    Weatherford is engaged in interstate commerce.

(2)    Weatherford's DRP is and was in writing.

(3)  Weatherford's DRP is a part of a contract or transaction involving interstate commerce.

(4)  Weatherford provided notice of the DRP to Plaintiff.

(5)  Weatherford "need only prove that it properly mailed the arbitration notice to its [employees]. ***It is not necessary that Defendant prove actual receipt of the notice***." Marsh v. First USA Bank, N.A., 103 F. Supp. 2d 909, 918 (N.D. Tex. 2000) (emphasis added), *citing* Wells Fargo Bus. Credit v. Ben Kozloff, Inc., 695 F.2d 940, 944 (5th Cir. 1983) *and* Myer v. Callahan, 974 F.Supp. 578, 584 (E.D. Tex. 1997). *See also* Krohn v. Spectrum Gulf Coast, LLC, No. 3:18-CV-2722-S, 2019 WL 4572833, at *3 (N.D. Tex. Sept. 19, 2019).

(6)  Under the Texas "mailbox rule," "a letter properly addressed, stamped and mailed may be presumed to have been received by the addressee in due course of the mail." Wells Fargo, 695 F.2d at 944.

(7)  Weatherford proved mailing of the DRP Mail Out packet to Plaintiff by presenting evidence, "including evidence of customary mailing practices used in the sender's business." Marsh, 103 F.Supp.2d at 918. A defendant who satisfies the mailbox rule's presumption of receipt can conclusively prove that the plaintiff had unequivocal notice of the arbitration agreement. *See* Trammell v. AccentCare, Inc., 776 F. App'x 208, 210 (5th Cir. 2019).

(8)  As the DRP Mail Out was properly addressed, stamped, and mailed, it is sufficient to invoke the presumption that the letter was received by the addressee. Wells Fargo Bus. Credit v. Ben Kozloff, Inc., 695 F.2d 940, 944 (5th Cir. 1983). *See also* United States v. Ekong, 518 F.3d 285, 287 (5th Cir.2007); Mulder v. Comm'r of Internal Revenue, 855 F.2d 208, 212 (5th Cir.1988); Custer v. Murphy Oil USA, Inc., 503 F.3d 415, 420 (5th Cir.2007).

(9)  With this evidence of customary practice, documentary evidence of the mail out, lack of an undeliverable return, and "quality control procedures in place, coupled with the fact that [other employment-related documents] were mailed to Plaintiff, it is implausible that the notice[] [was] not sent to Plaintiff. Marsh, 103 F.Supp.2d at 918-19; Mart v. Open Text Corp., No. A-10-CV-870-LY-AWA, 2013 WL 442009, at *2 (W.D. Tex. Feb. 5, 2013). As such, Weatherford "has presented reliable and sufficient evidence to establish that the [DRP was] properly mailed to Plaintiff." Marsh, 103 F.Supp.2d at 919.

(10) Plaintiff offered no evidence that the regular office practice was not followed by Weatherford or was carelessly executed, such that the presumption of notice becomes unreasonable.

(11) "The presumption of receipt is overcome conclusively only when the evidence tending to support the contrary inference is conclusive, or so clear, positive, and disinterested that it would be unreasonable not to give effect to it as conclusive." Texaco, Inc. v. Pham, 137 S.W.3d 763, 767 (Tex. App. 2004).

10

(12)   Plaintiff's denial of receipt is not disinterested.

(13)   Plaintiff's simple denial of receipt is insufficient to undermine the presumption of receipt. Trammell v. AccentCare, Inc., 776 F. App'x 208, 211 (5th Cir. 2019) (quoting Marsh, 103 F.Supp.2d at 917–19); *see also* United States v. Ekong, 518 F.3d 285, 287 (5th Cir. 2007); Am. Heritage Life Ins. Co. v. Orr, 294 F.3d 702, 710 (5th Cir. 2002).

(14)   Thus, Plaintiff received notice of the DRP in November 2016 via U.S. Mail to his home address.

(15)   Plaintiff also received notice of the DRP through e-mail and the introductory training for managers.

(16)   Plaintiff accepted the DRP through continuing his employment after receipt of notice. In re Halliburton, 80 S.W.3d 566, 568-69 (Tex. 2002); Kubala v. Supreme Prod. Servs. Inc., 830 F.3d 199, 203 (5th Cir. 2016); Robertson v. U-Haul Co. of Texas, No. 3:10-CV-2058-D, 2011 WL 444773, at *4 (N.D. Tex. Feb. 7, 2011); Okocha v. Hosp. Corp. of Am., No. 3:10-CV-1763-D, 2011 WL 4944577, at *2 (N.D. Tex. Oct. 18, 2011).

(17)   The DRP is supported by valuable consideration as the parties mutually exchanged promises to arbitrate thereunder and Plaintiff accepted the benefits of his continued employment with Weatherford in exchange for his agreement to arbitrate. Perez v. Lemarroy, 592 F. Supp. 2d 924, 931 (S.D. Tex. 2008).

(18)   As there is mutual assent by the parties and sufficient consideration to support the DRP, the DRP is a valid and binding agreement under Texas law enforceable according to its terms. See Matthews v. Priority Energy Servs., LLC, 298 F. Supp. 3d 926, 929 (E.D. Tex. 2017)

(19)   As all of Plaintiff's claims relate to his employment, this dispute falls squarely within the scope of the DRP.

9. **Motions in limine**

10. **Estimated length of trial:**   3 hours

Jointly submitted this 1st day of September, 2021 by:

/s/ Rachel Linzy
Rachel E. Linzy
The Kullman Firm
1100 Poydras Street, Suite 1600
New Orleans, LA 70163
rel@kullmanlaw.com
(504) 524-4162

11

Camara & Sibley LLP

/s/ Joseph D. Sibley
Joseph D. Sibley
State Bar No. 24047203
sibley@camarasibley.com
Camara & Sibley LLP
1108 Lavaca St.
Suite 110263
Austin, Texas  78701
Telephone: (713) 966-6789
Fax: (713) 583-1131

**ATTORNEYS FOR PLAINTIFF**

CERTIFICATE OF SERVICE

This is to certify that on this the 1ST day of September, 2021, a true and correct copy of the above and foregoing instrument was properly forwarded to all counsel of record via ECF to all counsel of record.

/s/ Joe Sibley
Joe Sibley