# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| JOSEPH PHILLIPS,<br><br>*Plaintiff*,<br><br>v.<br><br>WEATHERFORD US, LP,<br><br>*Defendant*. | Civil Action No. 1:20-cv-1104<br>Jury Demanded |

### PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED EVIDENCE/EXHIBITS FOR TRIAL ON ARBITRABILITY

COMES NOW Joseph Phillips ("Phillips" or "Plaintiff") and hereby files his objections to Defendant Weatherford US, LP's ("Weatherford" or "Defendant") trial exhibits/objections as follows:

### ARGUMENT AND AUTHORITIES

**A. The Pertinent Factual/Procedural Background**.

In its Motion to Compel Arbitration, Weatherford contends that on or about November, 14 2016 it notified its employees of the Alleged Arbitration Agreement and made it a condition of their continued employment with Weatherford via a mass mailer of the Alleged Arbitration Agreement. *See* Doc. 6 at pp. 1-2; Doc. 6-A-2 at p. 1. Weatherford raises no other grounds in the Motion to establish an agreement to arbitrate. The Court has scheduled a bench trial on September 17, 2021 on the fact question of whether the mass mailer created an agreement to arbitrate.

**B. Plaintiff's Objections To Evidence.**

In its pretrial materials, Weatherford includes evidence, witnesses, and proposed findings of fact purporting to demonstrate an agreement to arbitrate separate and apart from the mass mailer, including alleged email exchanges.

A pleading must provide fair notice of the claim for relief by including allegations that outline the elements of the claim. *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir.2011); *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The factual allegations must be sufficient to notify the opposing party of the nature and basis of the claim. *Topchian v. JPMorgan Chase Bank*, 760 F.3d 843, 848 (8th Cir. 2014); *Burlington Indus. v. Milliken & Co.*, 690 F.2d 380, 390 (4th Cir.1982).

The upcoming trial is on Weatherford's "claim" that Phillips agreed to an arbitration. The "fair notice" that Weatherford provided in its Motion to Compel related only to the mass mailer. This is all the parties argued and the Court addressed in its order denying the Motion to Compel and setting this matter for trial.[1] As a result, Plaintiff objects to any evidence, testimony, or fact findings that purport to create an agreement to arbitrate beyond what was fairly disclosed in the Motion to Compel, which was limited to the mass mailer.

## REQUEST FOR RELIEF

Weatherford should be limited in its trial presentation of evidence that there was an agreement to arbitrate based on the grounds disclosed in its Motion to Compel, which only

---

[1] In supporting evidence included with the Motion, Weatherford claims that the Alleged Arbitration Agreement was also available for review on Weatherford's website. *See* Doc. 6-1 at ¶ 12. In its Motion, however, Weatherford makes no argument that it allegedly made Phillips aware of the web address containing the Alleged Arbitration Agreement outside of the Alleged November 14th Mass Mailer. *See* Doc. 6 at p. 7. Therefore, Weatherford's argument that it provided Phillips with notice of the Alleged Arbitration Agreement stands and falls entirely on the November 14th Mass Mailer. *Cf. Alexander Dubose Jefferson & Townsend LLP v. Vance,* No. 1:17-CV-133-RP, 2017 WL 2241538, at *2 (W.D. Tex. May 22, 2017) (noting absence of any Texas authority allowing an internet posting, standing alone, to constitute sufficient notice).

relates to the mass mailer. Weatherford should be precluded from introducing evidence of an agreement to arbitrate beyond the mass mailer, the factual basis disclosed in the motion.

.

Dated: September 2, 2021.

>Respectfully submitted,
>
>CAMARA & SIBLEY LLP
>
>/s/ Joseph D. Sibley_____
>Joseph D. Sibley
>State Bar No. 24047203
>sibley@camarasibley.com
>Camara & Sibley LLP
>1108 Lavaca St.
>Suite 110263
>Austin, Texas 78701
>Telephone: (713) 966-6789
>Fax: (713) 583-1131
>
>**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

This is to certify that on this the 2ND day of September, 2021, a true and correct copy of the above and foregoing instrument was properly forwarded to all counsel of record via ECF to all counsel of record.

>/s/ Joe Sibley_____
>Joe Sibley