UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JOSEPH PHILLIPS,<br>   Plaintiff,<br><br>v.<br><br>WEATHERFORD US LP,<br>   Defendant. | Civil Action No. AU:20-CV-01104-RP<br><br>Jury Demanded |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO ITS PROPOSED EVIDENCE/EXHIBITS FOR TRIAL ON ARBITRABILITY**

Defendant Weatherford US LP ("Weatherford"), through undersigned counsel, files this Response to Plaintiff Joseph Phillips' ("Plaintiff" or "Phillips") Objections to its Proposed Evidence/Exhibits for Trial on Arbitrability. (Dkt. 30.) For the following reasons, Plaintiff's motion should be denied.

## LAW AND ANALYSIS

**A.     The Fair Notice Pleading Standard Does Not Govern Admissibility of Evidence at a Trial on Arbitrability.**

Plaintiff's sole argument improperly asserts that Weatherford only provided "fair notice" of its transmission of the Dispute Resolution Program ("DRP") through mass mailer in its Motion to Compel Arbitration and therefore, pursuant to Federal Rule of Civil Procedure 8(a)(2), should be barred from introducing any evidence showing the other means through which it provided notice of its DRP to employees. The fair notice standard under Rule 8(a)(2), however, is completely inapplicable to deciding Plaintiff's motion.

As an initial matter, Weatherford's Motion to Compel Arbitration is not a pleading governed by Rule 8 as it is not a complaint, an answer, a crossclaim or a counterclaim; it is instead a *motion*.

Fed. R. Civ. P. 7. The text of Rule 8(a)(2) makes clear that "[a] *pleading* that states a *claim* for relief must contain... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). Weatherford is not asserting a "claim for relief," and instead, is merely seeking to stay or dismiss this matter and compel it to arbitration.

Here, Weatherford has not asserted any claims in its Motion to Compel Arbitration. To the contrary, Weatherford has raised a defense in response to Plaintiff's claims—namely, that this matter should be dismissed, or in the alternative stayed, while the matter is compelled to arbitration. As such, the fair notice pleading standard has absolutely no bearing in determining whether or not certain evidence should be admitted at trial.

Even if the fair notice standard applied, Weatherford has met it. Weatherford's Motion fairly notified Plaintiff that it provided notice of the DRP and made it available to Plaintiff, and he accepted it by continuing his employment. Detailing a litany of the witnesses to and documents of the DRP implementation is not required by a "short and plain statement of the claim." Indeed, Plaintiff's Complaint does not reference each exhibit or witness Weatherford anticipates he will attempt to introduce at the hearing of his claims.

Moreover, none of the cases Plaintiff cites in his motion support the proposition that the fair notice pleading standard prohibits certain evidence from being introduced during a trial to decide a motion to compel arbitration. In fact, in each case cited by Plaintiff, the relevant issue considered by the court was whether or not plaintiff had alleged sufficient facts in its *complaint* in order to have given the other parties fair notice of the claims asserted. *See Starr v. Baca*, 652 F.3d 1202, 1215 (9th Cir. 2011) (using the fair notice pleading standard to determine whether plaintiff's complaint alleged sufficient facts to survive dismissal under Rule 12(b)(6)); *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (same); *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 854

(8th Cir. 2014) (same); *Burlington Indus. v. Milliken & Co.*, 690 F.2d 380, 390 (4th Cir. 1982) (holding that the plaintiff adhered to the fair notice pleading standard and thus could recover certain damages, even though its complaint did not indicate that part of its damages were derived from its wholly-owned subsidiary). These cases do not contain any indication that the fair notice pleading standard should be applied to determine what evidence should be introduced at a trial in determining a motion to compel arbitration. As such, Plaintiff has offered no support for his contention that Weatherford's evidence should not be considered pursuant to Rule 8(a)(2), and therefore, Plaintiff's motion should be denied.

**B.      Plaintiff Could Have Petitioned the Court for Arbitration-Related Discovery But Failed to Do So.**

Additionally, Plaintiff could have petitioned the Court for discovery regarding arbitration to determine the details behind the distribution of Weatherford's DRP but did not do so. Courts in the Fifth Circuit allow for arbitration-related discovery upon a "compelling showing that such discovery is required." *Hudson v. Windows USA, LLC,* No. 3:16CV596-DPJ-FKB, 2016 WL 8135875, at *2 (S.D. Miss. Nov. 3, 2016) (quoting *Bell v. Koch Foods of Miss., LLC,* No. 3:08cv697-WHB-LRA, 2009 WL 1259054, at *3 (S.D. Miss. May 5, 2009), *aff'd*, 358 Fed.Appx. 498 (5th Cir. 2009)). Accordingly, courts have allowed for arbitration-related discovery where the plaintiff denied receiving the arbitration agreement. *Byars v. Asbury Mgmt. Servs., LLC*, No. 3:19-CV-660-DCB-JCG, 2020 WL 127989, at *3 (S.D. Miss. Jan. 10, 2020). Courts have also permitted limited discovery where the parties submitted competing affidavits indicating whether or not the arbitration agreement was actually entered into. *See McCoy v. Wells Fargo, N.A.*, No. 3:17-CV-360-HSO-JCG, 2017 WL 11379843, at *3 (S.D. Miss. Sept. 29, 2017).

Here, not only has Plaintiff denied receiving or accepting the terms of the DRP, but he has also submitted affidavits which conflict with Weatherford's primary contention that a copy of the

DRP was mailed to his home address. Thus, Plaintiff could have petitioned the Court for arbitration-related discovery and obtained copies of the email, website, and webinar trainings regarding the DRP that Weatherford issued to its US-based employees earlier.  In any event, Weatherford has made those copies available to Plaintiff in advance of the trial as well as the identity of the witnesses potentially to be called, and Plaintiff is free to cross-examine the witnesses about those exhibits.  In addition, the witnesses listed by Weatherford in its Pre-Trial Disclosures were each further identified either by declaration supporting the Motion to Compel Arbitration or within the email exhibits to those declarations.  They are not names unknown or undiscoverable to Plaintiff.  Moreover, Weatherford has never claimed that the mail out was the only method through which the DRP was conveyed to Plaintiff.  And in fact, Plaintiff acknowledges that Weatherford made the DRP available through a link on its website. (Dkt. 30 a p.2, n.1.)

## CONCLUSION

Plaintiff's motion should be denied because the fair notice pleading standard does not govern Weatherford's motion to compel arbitration nor is it applicable to determining whether or not evidence is admissible at trial.  Furthermore, Plaintiff could have petitioned this Court for arbitration-related discovery in order to determine the various modes through which the DRP was disseminated, but declined to do so.  For these reasons, Plaintiff's motion should be denied.

Respectfully submitted,

 */s/ Rachel E. Linzy*
Rachel E. Linzy (#24071242)
THE KULLMAN FIRM
1100 Poydras Street, 1600 Energy Centre
New Orleans, Louisiana 70163
Telephone: (504) 524-4106
Facsimile: (504) 596-4114
rel@kullmanlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this __ day of September, 2021, I caused to be served a true and complete copy of the foregoing via the Court's CM/ECF electronic filing system which will automatically send an electronic copy to all counsel of record.

                                                    */s/ Rachel E. Linzy*